Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
465 South 400 East, Suite 200
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **IN RE:** | **CASE: 22-22039** |
| Stephanie Ann Cowan<br>Justin Craig Cowan | **CHAPTER 13** |
| **Debtors** | **Hon. R. KIMBALL MOSIER** |

## TRUSTEE'S CONTINUING OBJECTION TO CONFIRMATION

The Standing Chapter 13 Trustee, hereby objects to confirmation based on the following unresolved issues:

   1. Schedule A/B fails to accurately state the balance on hand as of the petition date in Debtors' FSA financial account.

   2. The Debtor(s) failed to produce at the 341 Meeting statements from their FSA, Venmo, and Paypal financial account(s) for the period that covers the petition date (see Fed. R. Bankr. P. 4002(b)(2)(B)).

   3. The Debtor(s) failed to timely provide the Trustee with copies of their State and Federal income tax returns for 2021 (see § 521(e)(2)(A)(i), Fed. R. Bankr. P. 4002(b)(2)(B), and Local Rule 6070-1(c)(2)).

4.  The Trustee requests copies of Debtors' federal and state income tax returns for 2019 and 2020.

5.  Based on information received from the Internal Revenue Service and/or Debtor(s)' Declaration Regarding Tax Returns, Debtor(s) have not complied with §1325(a)(9) as the Debtor(s) have not filed all tax returns as required under §1308. Tax years not filed: 2017, 2018, 2020 and 2021.

6.  The plan does not comply with the requirements of § 1322(b)(7) because it does not specifically assume the following lease:  Markosian Auto.

7.  The Trustee projects that the Debtor(s) direct payment(s) to satisfy the Markosian auto lease, will end within 60-months. The Debtor(s) should provide the Trustee with evidence as to the lease balance(s) as of the petition date, and propose to increase the plan payment by the same amount as the lease repayment once such claims have been paid in full. See In re Kofford, Slip Copy, 2012 WL 6042861 (Bankr. D. Utah Dec. 4, 2012) (Thurman).

8.  It is uncertain if the Debtor(s) will be able to make regular plan payments because it appears they are receiving less income than listed on Schedule I. Based on Debtors' testimony, Mrs. Cowan is no longer working at Intermountain Healthcare.

9.  It appears Mrs. Cowan has a new job or income that is not disclosed on the Schedule I and verification of such income has not been provided.  Prior to the confirmation hearing, the Debtor(s) should provide the Trustee with verification of such income in the form of two (2) recent payment advices.

10.  The Debtor(s) should establish notice of the Plan is proper as the separate certificate of service has not been filed for creditors listed in Part 3.2 or 3.4. See Federal Rule of Bankruptcy Procedure 3012 and 4003(d) and Local Rule 2083-2(h)(2) and (j)(2).

11. The plan is not feasible in that it is presently projected to require more than 60 months to make all payments required by the plan.

12. The following creditor objection(s) remain unresolved: Utah State Tax Commission.

13. As of October 19, 2022 the Debtors are now $540.00 delinquent for payments owing through September 2022.

THEREFORE, the Trustee has an ongoing objection to the confirmation.

Dated: October 19, 2022          LAJ /S/
                                 LON A. JENKINS
                                 CHAPTER 13 TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Continuing Objection to Confirmation was served upon all persons entitled to receive notice in this case via ECF Notification or by U.S. Mail to the following parties on October 19, 2022:

BRIAN D. JOHNSON, ECF Notification

/s/ Shanna Vagana